**STATE OF WEST VIRGINIA**

**SUPREME COURT OF APPEALS**

**FILED**

December 19, 2017

**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MARK A. MINOR,**
**Claimant Below, Petitioner**

**vs.)     No. 17-0077**  (BOR Appeal No. 2051477)
                              (Claim No. 2013006378 )

**WEST VIRGINIA DIVISION OF MOTOR VEHICLES,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Mark A. Minor, by William C. Gallagher, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia Division of Motor Vehicles, by Lisa Warner Hunter, its attorney, filed a timely response.

The issue on appeal is the amount of Mr. Minor's permanent partial disability award. On August 17, 2015, the claims administrator granted a 10% permanent partial disability award. The Office of Judges reversed the claims administrator's decision in its July 28, 2016, Order and granted a 20% permanent partial disability award. The Order was reversed by the Board of Review on December 27, 2016. The Board of Review reinstated the 10% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is clearly wrong based upon the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Mr. Minor, a state inspector, injured his right knee on September 4, 2012, when he rear-ended another vehicle. Continued problems with the right knee led to Mr. Minor undergoing a total right knee arthroplasty on February 4, 2015. The pre- and post-operative diagnosis was severe right knee degenerative joint disease. On February 18, 2004, years prior to the injury, a right knee x-ray revealed mild narrowing of the patellofemoral joint space with marginal osteophytes, consistent with mild degenerative changes.

1

On August 11, 2015, Prasadarao Mukkamala, M.D., performed an independent medical evaluation. Mr. Minor complained of right knee pain, right hip pain, and back pain. Dr. Mukkamala noted that Mr. Minor sustained a fracture of the right distal femur on September 4, 2012, which was treated with internal fixation. When he developed post-traumatic arthrosis of the right knee, a total knee arthroplasty was performed in February of 2015. He also noted Mr. Minor had a history of a prior fracture of the right knee in four places and a history of right knee pain dating back to 1993. Dr. Mukkamala diagnosed a fracture of the right distal femur resulting in post-traumatic knee arthrosis eventually treated with a total knee replacement arthroplasty. He assessed 20% whole person impairment. Due to the findings on the right knee x-ray performed on February 18, 2004, Dr. Mukkamala apportioned 10% of the assessed impairment to the pre-existing arthrosis and the other 10% to the September 4, 2012, injury.

Based on Dr. Mukkamala's report, the claims administrator granted a 10% permanent partial disability award on August 17, 2015. The Office of Judges reversed the claims administrator on July 28, 2016, and awarded a 20% permanent partial disability award. It noted that in an October 16, 2014, report, Dr. Mukkamala found that the need for the total knee replacement arthroplasty was due to the work injury. It also found that Dr. Mukkamala's reduction of the 20% impairment to 10% impairment based on a right knee x-ray performed on February 18, 2004, was improper.

The Board of Review reversed and vacated the Order of the Office of Judges and reinstated the claims administrator's award of 10% permanent partial disability on December 27, 2016. It found Mr. Minor was entitled to a 10% permanent partial disability award based on the case law and Dr. Mukkamala's impairment evaluation. The Board of Review determined "the Commissioner is to make permanent partial disability awards solely on the basis of the doctor's impairment evaluation". *Repass v. Workers' Compensation Division*, 212 W. Va. 86, 569 S.E.2d 162 (2002) It further determined that selecting portions of findings from a medical report to use does not form a reliable basis for assessing impairment. See *Baria v. Capital Beverage Company*, No. 15-0056, 2015 WL 5883444 (W.Va. Oct. 7, 2015)(memorandum decision).

After review, we find the Board of Review erred in reversing the Office of Judges' Order. Dr. Mukkamala opined that the need for the total knee replacement arthroplasty was due to the work injury. He assessed Mr. Minor's impairment according to Table 66 on page 88 of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993), which is titled "Rating Knee Replacement Results". The 20% permanent impairment rating he assessed was due to the knee replacement arthroplasty. While the 2004 x-ray may have shown degenerative changes, those changes did not appear to affect Mr. Minor's ability to work or his activities of daily living. Therefore, we agree with the Office of Judges' finding that Dr. Mukkamala's apportionment of the impairment rating due to the 2004 x-ray was improper and find Mr. Minor is entitled to an award of 20% permanent partial disability.

For the foregoing reasons, we find that the decision of the Board of Review is the result of a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is reversed and remanded with instructions to reinstate the Office of Judges' Order awarding 20% permanent partial disability.

Reversed and Remanded.


**ISSUED: December 19, 2017**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum

**DISSENTING**:
Chief Justice Allen H. Loughry II
Justice Elizabeth D. Walker

LOUGHRY, Chief Justice, dissenting:

I dissent from the majority's decision to grant the claimant a 20% permanent partial disability award for his right knee injury. The only impairment evaluation in the record was completed by Dr. Prasadarao Mukkamala. While Dr. Mukkamala concluded that the claimant has a 20% whole person impairment, he only attributed 10% of that impairment to the compensable injury, concluding that the remaining 10% was caused by the claimant's preexisting arthrosis. The majority's reliance upon a 2014 report wherein Dr. Mukkamala stated that the claimant needed a total knee replacement arthroplasty due to his work injury is misplaced. Just because the claimant's work injury may have culminated in certain medical treatment, it does not necessarily follow that all residual impairment is attributable to that injury. Indeed, the record here shows that the claimant fractured his knee in 1993 which resulted in his preexisting arthrosis that was diagnosed by x-ray in 2004. Moreover, it is well-established that "the [claims administrator] is to make permanent partial disability awards solely on the basis of the doctor's impairment evaluation." *Repass v. Workers' Compensation Div.*, 212 W.Va. 86, 95, 569 S.E.2d 162, 171 (2002). Because the only impairment evaluation in this case indicates the claimant has a 10% whole person impairment attributable to the compensable injury, the decision of the Board of Review granting a 10% permanent partial disability award should have been affirmed.